IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RANDY CORDLE,

        Plaintiff,

v.                                 Civil Action No. 5:16CV18
                                              (STAMP)

JIM RUBENSTEIN, Commissioner, WVDOC,
KAREN PSZCZOLKOWSKI, Warden,
Northern Correctional Facility,
JAMES GREYHOUSE,[1]
Northern Correctional Facility Staff,
C.O. McGLOCHLIN,
Northern Correctional Facility Staff;,
RYAN ADAMS,
Northern Correctional Facility Staff,
AMANDA SABATINO, LPN,
JANE DOE, Nurse,
Northern Correctional Facility Staff,
JANE DOE, Medical Servs. Coord.,
Northern Correctional Facility Staff,
DALE GRIFFITH,
Northern Correctional Facility Staff,
DAVID BALLARD, Warden,
Mt. Olive Correctional Complex,
MIKE NEESE, Special Management Committee,
Mt. Olive Correctional Complex,
CHERYL CHANDLER, Special Management Committee,
Mt. Olive Correctional Complex and
SHERRILL SNYDER, Special Management Committee,
Mt. Olive Correctional Complex,

        Defendants.


## MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING THE PLAINTIFF'S OBJECTIONS, DENYING PLAINTIFF'S REQUEST TO AMEND AND GRANTING DEFENDANTS' MOTIONS TO DISMISS

---

[1] The plaintiff mistakenly styled the case against defendant "Greyhouse" and refers to this particular defendant throughout his pleading using this incorrect name. As the magistrate judge pointed out in his report and recommendation, "[t]he Plaintiff erroneously spelled James Greathouse's name in his complaint as 'James Greyhouse'." ECF No. 62 at 2 n1.

The <u>pro se</u>[2] plaintiff, Randy Cordle, filed this civil action asserting claims against the defendants under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge Michael John Aloi under Local Rule of Prisoner Litigation Procedure 2. The defendants filed several motions to dismiss and the magistrate judge issued a report and recommendation (ECF No. 62) following the plaintiff's responses to the defendants' motions. The magistrate judge recommended that the defendants' motions to dismiss be granted; that the plaintiff's complaint be dismissed with prejudice as to defendants Jim Rubenstein ("Rubenstein"), Karen Pszczolkowski ("Pszczolkowski"), James Greathouse, Ryan Adams ("Adams") and Dale Griffith ("Griffith"); and that the plaintiff's complaint be dismissed without prejudice as to defendants C.O. McGlochlin ("McGlochlin"), Amanda Sabatino, LPN ("Sabatino"), David Ballard ("Ballard"), Mike Neese ("Neese"), Cheryl Chandler ("Chandler") and Sherrill Snyder ("Snyder"). ECF No. 62 at 22.

The plaintiff then filed objections (ECF No. 64.) to the report and recommendation and the defendants filed separate responses to the plaintiff's objections. ECF Nos. 65, 66, 67. The plaintiff also replied to the defendants' separate responses to his objections. ECF No. 68.

_____

[2]"<u>Pro se</u>" describes a person who represents himself in a court proceeding without the assistance of a lawyer. <u>Black's Law Dictionary</u> 1416 (10th ed. 2014).

For the following reasons, this Court affirms and adopts the magistrate judge's report and recommendation, overrules the plaintiff's objections, denies the plaintiff's request to amend, and grants the defendants' motions to dismiss.

## I. Background

The pro se plaintiff, Randy Cordle, filed this civil rights matter pursuant to 42 U.S.C. § 1983 against the defendants raising Due Process and Eighth Amendment violations. The plaintiff was granted leave to proceed in forma pauperis and paid the required initial partial filing fee.

According to his complaint, the plaintiff was sentenced in the Circuit Court of Mercer County, West Virginia on April 15, 2014, to a term of 10 to 20 years. ECF No. 1 at 9. The plaintiff alleges that prior to his incarceration, he worked as a police officer for approximately 17 years. ECF No. 1 at 9. He maintains that he arrived at Mount Olive Correctional Center ("MOCC") on or about April 17, 2014, and upon his arrival he requested that he be placed in protective custody to avoid being attacked by other prisoners because of his law enforcement service. ECF No. 1 at 9. The plaintiff also maintains that in July 2014, a special management hearing was conducted at which it was determined that there was sufficient verifiable information to warrant plaintiff's placement in special management. ECF No. 1 at 9. The plaintiff alleges that he never received any documentation related to the special

management hearing, but was, nonetheless, transferred to the Northern Correctional Facility ("NCF") on or about August 1, 2014. ECF No. 1 at 10. However, the plaintiff alleges that upon arriving at NCF, he realized he was not in special management but was, instead, housed in the general population as a mainline inmate. ECF No. 1 at 10. The plaintiff claims that other inmates learned of his prior service as a police officer and began to harass and threaten him, which resulted in a vicious attack. ECF No. 1 at 10. Plaintiff asserts he was knocked unconscious, the molars in the rear of his mouth were shattered and broken off at the gum line, he suffered a protein splatter inside his eyes which has impaired his vision, and has also suffered from hearing damage and a shoulder injury. ECF No. 1 at 10.

The plaintiff claims that once he regained consciousness, he was handcuffed and escorted to an interview room where his injuries were then photographed and screened by defendant Sabatino. ECF No. 1 at 11. The plaintiff maintains that despite complaining of extreme oral and dental pain, blurred vision, ringing in his ears, pain in his left shoulder, memory loss, head pain, and the fact that she could see the broken molars, defendant Sabatino did not treat his injuries or order him taken to the hospital, and he was sent back to his cell. ECF No. 1 at 3. The plaintiff continues by alleging that on July 9, 2015, he was seen by an eye doctor at NCF, who indicated that he observed spots on the back of plaintiff's

left eye. The doctor then ordered that plaintiff be seen by a specialist no later than July 14, 2015. ECF No. 1 at 12. However, the plaintiff alleges he was not, until August 31, 2015, taken to an eye specialist, who observed protein splatters in the rear of plaintiff's left eye. ECF No. 1 at 12. The plaintiff maintains that this injury is consistent with his being struck with extreme force and is likely to cause him blurred vision. ECF No. 1 at 13. The plaintiff alleges that on July 25, 2015, he saw the prison dentist who determined that removing the plaintiff's shattered teeth was too complicated for his practice and that the plaintiff needed to see an oral surgeon. ECF No. 1 at 12. The dentist attempted to apply a filling to the plaintiff's exposed nerves. The plaintiff saw the oral surgeon on September 28, 2015. ECF No. 1 at 13.

Finally, with respect to his injuries, the plaintiff alleges that, as of the date he prepared his complaint, despite submitting multiple nurse sick calls trying to receive treatment for his shoulder, he had not been treated. ECF No. 1 at 13.

The magistrate judge conducted an initial review of the plaintiff's complaint and found that, to the extent the plaintiff may have raised a viable constitutional claim against the defendants employed at Mount Olive Correctional Complex ("MOCC"), the Court lacked jurisdiction to entertain the same because MOCC is located within the jurisdiction of the Southern District of West

Virginia. However, with respect to the remaining named defendants, the magistrate judge determined that summary dismissal was not warranted and summonses were issued for defendants Rubenstein, Pszczolkowski, Greathouse, McGlochlin, Adams, and Griffith. In addition, because the plaintiff had yet to provide the court with the identity of the Jane Does, he was given an additional 30 days in which to identify the two Jane Does.[3]

Adams, Greathouse, Griffith, Pszczolkowski and Rubenstein jointly filed a motion to dismiss. ECF No. 30. These defendants state that the complaint is void of any references to either Rubenstein or Pszczolkowski. In addition, the defendants Pszczolkowski and Rubenstein argue that the plaintiff's claims must be dismissed because there is no supervisory liability in a § 1983 action. With regard to Greathouse, Adams, and Griffith, these defendants argue that no conduct is alleged which would rise to the level of a constitutional tort and argue that each is protected by the doctrine of qualified immunity. ECF No. 62 at 5.

Defendant McGlochlin filed a motion to dismiss stating, "[t]his alleged fact pattern [by the plaintiff] does not rise to the level of deliberate indifference and it is therefore clear that

_____

[3]One of the Jane Doe defendants named in the case caption was terminated on January 11, 2017. On September 23, 2016, the plaintiff filed a motion to substitute party. ECF No. 34. On January 11, 2017, the motion was granted, and Amanda Sabatino, LPN, was substituted as the other "Jane Doe" nurse, and the Clerk was directed to issue a summons for said defendant.

Plaintiff has failed to sufficiently allege a Section 1983 claim against C.O. McGlochlin." ECF No. 32 at 1. Further, defendant McGlochlin argues that "[p]laintiff has not utilized any administrative remedies with regard to any of the alleged actions of C.O. McGlochlin" and thus, "all claims against this defendant must be dismissed as a result of plaintiff's failure to exhaust administrative remedies." ECF No. 32 at 2. Defendant also claims that "[b]ecause defendant is a government official, and because all actions and/or inactions described in plaintiff's complaint were discretionary in nature, defendant is entitled to a qualified immunity." ECF No. 32 at 2.

A Roseboro[4] notice was issued as to each of these motions. ECF No. 35. The plaintiff filed a response (ECF No. 52) to the motion to dismiss filed by Adams, Greathouse, Griffith, Pszczolkowski and Rubenstein. Plaintiff asserts that he has stated a claim upon which relief can be granted as to these defendants and claims that his Eight Amendment rights and Fourteenth Amendment rights were violated. Plaintiff also alleges a claim of deliberate indifference to serious medical need and asserts that these named defendants are not entitled to qualified immunity.

Additionally, plaintiff filed a response (ECF No. 53) to the motion to dismiss filed by defendant McGlochlin (ECF No. 32). Plaintiff states that the alleged fact pattern demonstrates

---

[4]Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

McGlochlin was deliberately indifferent to a known risk of harm to the plaintiff and that "[p]laintiff has utilized and exhausted his available administrative remedy in regards to C.O. McGlochlin." ECF No. 53 at 1.

Defendants Adams, Greathouse, Pszczolkowski, Griffith and Rubenstein filed a reply to the plaintiff's response. ECF No. 54. These defendants state that "[p]laintiff has failed to respond to the Motion to Dismiss of Defendants Rubenstein and Pszczolkowski and has therefore conceded that dismissal is appropriate as to those Defendants." ECF No. 54 at 2. Further, defendants assert "[p]laintiff's Response brief provides no analysis of justify the absence of facts alleged in the Complaint as to defendants Greathouse, Adams and Griffith. Accordingly, dismissal as to these Defendants is appropriate for failure to state a claim for which relief can be granted." ECF No. 54 at 3. Lastly, defendants argue that "[t]he factual basis of the complaint does not state a claim under the Eighth or Fourteenth Amendments to the United States Constitution as to defendants Rubenstein, Pszczolkowski, Greathouse, Adams, or Griffith." ECF No. 54 at 4.

Defendant Sabatino filed a motion to dismiss for failure to state a claim arguing that "[t]he Plaintiff has failed to exhaust his administrative remedies with respect to the complaint against this Defendant." ECF No. 57 at 1.

The plaintiff filed a response stating, "[t]he Plaintiff has exhausted his available administrative remedies in regards to all Defendants, including, Defendant Sabatino." ECF No. 59-1 at 1.

Defendant Sabatino then filed a reply to plaintiff's response. ECF No. 60. Defendant Sabatino states: "Despite Plaintiff's attempt to argue that his grievance filed on or about September 21, 2015 is sufficient to exhaust his administrative remedies with respect to Amanda Sabatino, LPN, it is clear that the grievance had nothing to do with Jane Doe or Amanda Sabatino, LPN." ECF No. 60 at 1. Defendant asserts that the plaintiff's "grievance was filed nearly two and a half months after Nurse Sabatino allegedly saw the Plaintiff on July 3, 2015" (ECF No. 60 at 1) and that plaintiff never filed a grievance with respect to Nurse Sabatino and therefore has failed to exhaust his administrative remedies.

Magistrate Judge Michael John Aloi issued a report and recommendation. ECF No. 62. The magistrate judge recommended that "[d]efendants Rubenstein, Pszczolkowski, Greathouse, Adams, and Griffith's motion to dismiss (ECF No. 30) be granted; Defendant McGlochlin's motion to dismiss (ECF No. 32) be granted; Defendant Sabatino's motion to dismiss (ECF No. 57) be granted; the Plaintiff's complaint be dismissed with prejudice against defendants Rubenstein, Pszczolkowski, Greathouse, Adams and Griffith for failure to state a claim upon which relief may be granted; the Plaintiff's complaint be dismissed without prejudice

against defendants McGlochlin and Sabatino for failure to exhaust administrative remedies; and the plaintiff's complaint be dismissed without prejudice against the Mount Olive Correction Complex defendants: David Ballard, Mike Neese, Cheryl Chandler and Sherrill Snyder for lack of jurisdiction." ECF No. 62.

As to defendants Rubenstein and Pszczolkowski,[5] the magistrate judge found: "It [is] clear that the Plaintiff has failed to allege facts which would sustain a finding of supervisory liability. The Plaintiff does not allege any causal link between either Rubenstein or Pszczolkowski and any alleged failure to protect or deliberate indifference to a serious medical need. Accordingly, it is clear that the Plaintiff has simply named these two defendants in their official capacities as Commissioner and Warden . . . [and] Plaintiff's claims against Rubenstein and Pszczolkowski should be dismissed." ECF No. 62 at 14-15.

As to defendants Greathouse, Adams, and Griffith, the magistrate judge found that the plaintiff has failed to state a claim that these defendants failed to protect him, violated his Due Process rights, or were deliberately indifferent to his serious

---

[5]The plaintiff, as a basis for his objections, cites to the subheading titled, "A. Defendants Rubenstein and Plumley" (ECF No. 62 at 13) under Section IV of the magistrate judge's report and recommendation (ECF No. 63) which "improperly identifies Warden Plumley . . . as a Defendant in the instant case." ECF No. 64 at 2. However, this Court recognizes that this mistake was merely a typographical error, as the remainder of the analysis in the magistrate judge's report and recommendation properly addresses the appropriate named defendants Rubenstein and Pszczolkowski.

medical need, and that the complaint as it relates to these three defendants should be dismissed. The magistrate judge found that, "the Plaintiff has failed to state a claim for either theory, and the complaint as it relates to these three defendants should be dismissed." ECF No. 62 at 15.

As to defendants McGlochlin and Sabatino, the magistrate judge found that "the Plaintiff failed to exhaust his administrative grievances with respect to either McGlochlin or Sabatino, and accordingly the complaint should be dismissed against each." ECF No. 62 at 18.

The plaintiff then filed his objections to "the Magistrate's entire legal analysis contained in the Magistrate's R&R." ECF No. 64 at 2.

The plaintiff states as the basis for his objection: "Apparently the Magistrate has not fully reviewed the facts in the instant case" citing to the portion of the R&R which "improperly identifies Warden Plumley[6] . . . as a Defendant in the instant case" and further posits that "the Magistrate somehow determined that Plaintiff is asserting a vicarious liability claim against Defendants' Rubenstein and Pszczolkowski" when "[p]laintiff is asserting supervisory liability claims against Defendants' Rubenstein and Pszczolkowski." ECF No. 64 at 2.

_____

[6]See _supra_, footnote 2.

11

The plaintiff goes on to assert, "[a]dditionally, it is quite shocking that the Magistrate could not identify the striking similarity between the facts of the Plaintiff's complaint and prior complaints filed by Pro Se inmates in this Court's district" referring to several cases involving "physical and constitutional injuries of other inmates" which have "resulted in settlements being issued for those Plaintiffs' injuries which resulted from WVDOC Defendants." ECF No. 64 at 5. Plaintiff further states, in support of his Due Process violation allegation, that he "should not have been housed in the general population" and that "Defendants themselves were deliberately indifferent to Plaintiff's serious medical needs." ECF No. 64 at 5. Plaintiff goes on to assert that defendant McGlochlin failed to protect him and was "deliberately indifferent to the risk of harm presented" and argues that "McGlochlin is not entitled to qualified immunity." ECF No. 64 at 9. Lastly, the plaintiff asserts that the cases cited by the magistrate judge in regard to plaintiff's failure to exhaust administrative remedy regarding defendant Sabatino "[have] no bearing whatsoever on the instant case." ECF No. 64 at 10.

Plaintiff maintains that his "complaint is meritorious and therefore the Magistrate's R&R must be rejected and this mater must proceed to discovery and trial" or that "the Plaintiff be given the opportunity to Amend his complaint in order to better assert his claim against the Defendants." ECF No. 64 at 11.

12

Defendant Sabatino responded to the plaintiff's objections to the report and recommendation. ECF No. 65. Defendant asserts that "[i]t is obvious that neither grievance mentions Nurse Sabatino by name" and argues that the plaintiff failed to follow the required grievance procedure with respect to his allegations of conduct by Nurse Sabatino. ECF No. 65 at 2. Defendant Sabatino states "[a]ccordingly, the Magistrate Judge's Recommendation is correct as a matter of law and should be adopted by this Court." ECF No. 65 at 2.

Defendants Adams, Greathouse, Griffith, Pszczolkowski, and Rubenstein responded to the plaintiff's objections to the report and recommendation. ECF No. 66. Defendants assert, "[t]he available evidence clearly demonstrates that the Plaintiff has waived his right to submit objections to the Magistrate Court's Report and Recommendation" stating that, "the last date for the Plaintiff to file objections would be August 15, 2017 . . . [and] plaintiff did not mail his objections to the Clerk of the Court until August 17, 2017." ECF No. 66 at 2. Defendants further state, "[e]ven assuming that Plaintiff's objection was filed timely, the objection should be overruled as the Finding and Recommendation made by the Magistrate are proper and well-founded." ECF No. 66 at 3.

On September 5, 2017, defendant McGlochlin responded to the plaintiff's objections to the report and recommendation. ECF No.

66.  Defendant states as his response to plaintiff's objections, "[i]n this case, there is no question that plaintiff did not file a grievance or utilize any administrative procedure alleging that Officer C.O. McGlochlin failed to protect him or acted improperly in any way on July 3, 2015" and "[t]hus, plaintiff cannot proceed with a failure to protect claim against Officer C.O. McGlochlin." ECF No. 67 at 2.

## II.  <u>Applicable Law</u>

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those findings to which objections were not filed, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  Because the plaintiff filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u> as to those findings to which objections were made.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  This plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief.  <u>Francis v.</u>

_Giacomelli_, 588 F.3d 186, 193 (4th Cir. 2009) (citing _Iqbal_, 556 U.S. at 678; _Bell Atl. Corp. v. Twombly_, 550 U.S. 544, 570 (2007)).

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. _Booth v. Churner_, 532 U.S. 731, 741 (2001). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they alleges excessive force or other some wrong and is required even when the relief sought is not available. _Porter v. Nussle_, 534 U.S. 516, 532 (2002). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court. _See Porter_, at 524 (citing _Booth_, 532 U.S. at 741). Not only must a prisoner exhaust his administrative remedies, he must also do so properly. Proper exhaustion "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits.'" _Woodford v. Ngo_, 548 U.S. 81 (2006) (quoting _Pozo v. McCaughtry_, 286 F.3d 1022, 1024 (7th Cir. 2002).

Further, "[t]he doctrine of qualified immunity protects government officials from liability for civil damages insofar as

their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). Courts must consider two steps in determining whether an official is entitled to qualified immunity. Id. at 232. "First, a court must decide whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right. Second, . . . the court must decide whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." Id.

The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). "For a claim based on failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm," and that the prison officials acted with "'deliberate indifference' to inmate health or safety." Id. at 834. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Furthermore, the Eighth Amendment is not violated by the negligent

failure to protect inmates from violence. Rather, the plaintiff must show that the defendants knew of the risk and consciously disregarded it. <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986); <u>Moore v. Winebrenner</u>, 927 F.2d 1312 (4th Cir. 1991).

This Court must liberally construe <u>pro se</u> complaints. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 2007). While the plaintiff's allegations are assumed to be true, <u>Erickson</u>, 551 U.S. at 93, this Court may not ignore a clear failure in the pleading to allege facts that set forth a claim. <u>See</u> <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387, 390-91 (4th Cir. 1990). This Court may not rewrite a complaint to include claims that were never presented, <u>Barnett v. Hargett</u>, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, <u>id.</u>, or "conjure up questions never squarely presented" to the court. <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>Discussion</u>

Because the plaintiff filed objections to the report and recommendation, this Court reviews the magistrate judge's recommendation <u>de novo</u> as to those findings to which objections were made.

For the reasons stated below, this Court adopts and affirms the report and recommendation of the magistrate judge in its entirety, grants defendants Rubenstein, Pszczolkowski, Greathouse,

17

Adams, and Griffith's motion to dismiss, grants defendant McGlochlin's motion to dismiss, grants defendant Sabatino's motion to dismiss, dismisses with prejudice the plaintiff's complaint against defendants Rubenstein, Pszczolkowski, Greathouse, Adams and Griffith for failure to state a claim upon which relief may be granted, dismisses without prejudice the plaintiff's complaint against defendants McGlochlin and Sabatino for failure to exhaust administrative remedies,; denies the plaintiff's request to amend the complaint, and dismisses without prejudice the plaintiff's complaint against defendants Ballard, Neese, Chandler and Snyder of the Mount Olive Correction Complex for lack of jurisdiction.

A.   <u>Mount Olive Correction Complex Defendants: Ballard, Neese, Chandler and Snyder</u>

The magistrate judge conducted an initial review of the plaintiff's complaint and found that to the extent the plaintiff may have raised a viable constitutional claim against the defendants employed at Mount Olive Correctional Complex ("MOCC"), summary dismissal was warranted due to lack of jurisdiction.  In making his recommendations, the magistrate judge found that MOCC is located within the jurisdiction of the Southern District of West Virginia, and dismissal was warranted pursuant to 28 U.S.C. § 636 (b)(1).  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d. 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

Plaintiff did not object to the magistrate judge's recommendation of summary dismissal without prejudice due to lack of jurisdiction in regard to the Mount Olive Correction Complex defendants Ballard, Neese, Chandler and Snyder. As to those findings to which objections were not filed, the findings and recommendations will be upheld unless they are clearly erroneous or contrary to law.

Accordingly, following its review of the claims within the plaintiff's complaint against the Mount Olive Correction Complex defendants David Ballard, Mike Neese, Cheryl Chandler and Sherrill Snyder, this Court finds that the plaintiff's complaint should be dismissed without prejudice as to these defendants for lack of jurisdiction.

B.   Defendants McGlochlin and Sabatino

Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust his available administrative remedies before filing an action under § 1983. 42 U.S.C. § 1997e(a). The prisoner must "us[e] all steps that the agency holds out[] and do[] so properly." Woodford v. Ngo, 548 U.S. 81, 90 (2006).

The WVDOC has established a three-level grievance process for prisoners to grieve their complaints in an attempt to resolve the prisoners' issues. Level One involves filing a G-1 Grievance Form with the Unit Manager. If the inmate receives no response or is unsatisfied with the response received at Level One, the inmate may

proceed to Level Two by filing a G-2 Grievance Form with the warden or administrator. Finally, the inmate may appeal the Level Two decision to the Commissioner of the WVDOC.

In making his recommendations, the magistrate judge found that the plaintiff's complaint should be dismissed without prejudice against defendants McGlochlin and Sabatino for failure to exhaust administrative remedies. The magistrate judge noted in his report and recommendation that "despite asserting the affirmative defense of failure to exhaust, these Defendants have also addressed the merits of the Plaintiff's claims. The undersigned has declined to do so in light of the purpose of requiring exhaustion as outlined in <u>Woodford</u>. 548 U.S. at 84-85." ECF No. 22 at 21 n.3.

The plaintiff, in his objections, argues again that he has exhausted his administrative grievances. However, as noted by defendant McGlochlin in his response to the plaintiff's objections, "[i]n this case, there is no question that plaintiff did not file a grievance or utilize any administrative procedure alleging that Officer C.O. McGlochlin failed to protect him or acted improperly in any way on July 3, 2015" and thus, "plaintiff cannot proceed with a failure to protect claim against Officer C.O. McGlochlin." ECF No. 67 at 2. Further, as noted by defendant Sabatino in her response to the plaintiff's objections "[i]t is obvious that neither grievance mentions Nurse Sabatino by name" and that the plaintiff failed to follow the required grievance procedure with

respect to his allegations of conduct by Nurse Sabatino. ECF No. 65 at 2.

Following its _de novo_ review of the deliberate indifference and failure to protect claims, this Court finds that defendants McGlochlin, Sabatino and the magistrate judge are correct that the plaintiff failed to exhaust his administrative remedies with respect to these two defendants. Thus, this Court finds that the plaintiff's complaint should be dismissed without prejudice against defendants McGlochlin and Sabatino for failure to exhaust administrative remedies.

C.  Defendants Rubenstein, Pszczolkowski, Greathouse, Adams, and Griffith

In making his recommendations, the magistrate judge found that, aside from naming Rubenstein and Pszczolkowski as defendants, the plaintiff makes no specific reference to either of them in the body of his complaint and most certainly fails to allege any personal involvement on their part in the alleged violations of his constitutional rights. ECF No. 62 at 13. The plaintiff does, however, allege "supervisory liability" as his third claim. The magistrate judge found that it is clear that the plaintiff has failed to allege facts which would sustain a finding of supervisory liability. ECF No. 62 at 15. The plaintiff does not allege any causal link between either Rubenstein or Pszczolkowski and any alleged failure to protect or deliberate indifference to a serious

medical need. The magistrate judge found that it is clear that the plaintiff has simply named these two defendants in their official capacities as Commissioner and Warden. The magistrate judge found that the plaintiff's claims against the defendants in their official capacities are improper and thus, plaintiff's claims against Rubenstein and Pszczolkowski should be dismissed.

As to defendants Greathouse, Adams, and Griffith, the plaintiff claims that these defendants failed to protect him, violated his Due Process rights, and were deliberately indifferent to his serious medical need. The magistrate judge found that these claims should be dismissed because the plaintiff has failed to state a claim as to these theories. ECF No. 62 at 15. Further, the magistrate judge found that plaintiff has failed to plead that the defendants were actually aware of an excessive risk as required by the deliberate indifference standard. The plaintiff's first three allegations concerning these defendants only involve conduct after the altercation. ECF No. 62 at 16. Thus, the plaintiff failed to allege that these three Defendants were subjectively aware of a risk before the altercation. Moreover, the plaintiff's fourth allegation regarding these defendants only alleges that they should have been aware that he was in danger and not that they actually were aware. ECF No. 62 at 16.

In order to state a claim that non-medical personnel, such as these defendants, were deliberately indifferent to a serious

medical need, the plaintiff must show that "the [officials were] personally involved in the treatment or denial of treatment, or that they deliberately interfered with the treatment, or that they tacitly authorized or were indifferent to the medical provider's misconduct." <u>Kinder v. PrimeCare Med., Inc.</u>, No. CIV.A. 3:13-31596, 2015 WL 1276748, at *8 (S.D. W. Va. Mar. 19, 2015) (citing <u>Miltier v. Beorn</u>, 896 F.2d 848 (4th Cir. 1990) (abrogated on other grounds)).

The magistrate judge, in regard to the plaintiff's claim of deliberate indifference, further found that only one of the four claims against these defendants relates to the plaintiff's medical care on July 24, 2015. The magistrate judge found that "[d]efendants Adams and Griffith told plaintiff he would see a dentist the next day," and "[t]he Plaintiff did in fact see a dentist the next day" thus failing to meet the standard articulated in <u>Kinder</u> regarding defendants Greathouse, Adams, and Griffith. ECF No. 62 at 17.

Following its <u>de novo</u> review of the claims regarding defendants Rubenstein, Pszczolkowski, Greathouse, Adams, and Griffith, this Court finds that the plaintiff's complaint should be dismissed with prejudice. There are insufficient facts alleged by plaintiff to allow this Court to find a claim of supervisory liability. Whereas defendants Adams, Greathouse, Griffith, Pszczolkowski, and Rubenstein responded to the plaintiff's

objections to the report and recommendation (ECF No. 66) stating that the plaintiff waived his right to object due to timeliness, this Court finds that plaintiff's objections to the magistrate judge's report and recommendation were in fact timely under the "mailbox rule" which applies here. However, even if the mailbox rule was not considered, the same findings as stated above are appropriate on the merits. This Court also finds that the conduct alleged against these defendants took place after the altercation and plaintiff alleges only that these defendants should have known, not that they were actively aware of a known risk of harm to the plaintiff. Thus, the plaintiff's complaint should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

D.   Request to Amend Complaint

After the magistrate judge entered his report and recommendation, the plaintiff filed his objections to the magistrate judge's report and recommendation and added that he "now wishes to submit an amended complaint which would more adequately state his constitutional claims in this matter." ECF No. 64 at 3. Plaintiff concludes his objections by stating, "[p]laintiff respectfully requests that the Magistrate's R&R be rejected and this matter be allowed to proceed to discovery and trial or the Plaintiff be given the opportunity to Amend his complaint in order

to better assert his claims against the Defendants." ECF No. 64 at 11.

Under Local Rule of Civil Procedure 15.01, titled "Amended Pleadings", "[a]ny party filing a motion to amend a pleading that requires leave of court to file, shall attach to that motion a signed copy of the proposed amended pleading. However, the amended pleading shall not be filed until the Court grants the particular motion." LR Civ P 15.01. Here, the plaintiff has not complied with the local rule regarding amended pleadings by failing to attach a signed copy of the proposed amended complaint to his objections in which he requests the opportunity to amend.

Further, even if Local Rule of Civil Procedure 15.01 did not apply to this _pro se_ plaintiff, the plaintiff has still failed to state with any particularity what the contents of his amended complaint would be and what he would assert. Plaintiff merely requests the opportunity to amend his complaint "in order to better assert his claims against the Defendants." ECF No. 64 at 11. Plaintiff not only fails to attach a signed copy of the proposed amended complaint, but also fails to assert any support or proposal regarding his requested amended complaint. Plaintiff explicitly states that he merely "wishes to submit an amended complaint which would more adequately state his constitutional claims in this matter." ECF No. 64 at 3.

Therefore, for the reasons stated above, this Court finds that the plaintiff's request "to submit an amended complaint" (ECF No. 64 at 3) should be denied.

## IV.  Conclusion

For the reasons set forth above, the magistrate judge's report and recommendation (ECF No. 62) is AFFIRMED and ADOPTED. Accordingly, defendants Rubenstein, Pszczolkowski, Greathouse, Adams, and Griffith's motion to dismiss is GRANTED (ECF No. 30); defendant McGlochlin's motion to dismiss is GRANTED (ECF No. 32); defendant Sabatino's motion to dismiss is GRANTED (ECF No. 57); the plaintiff's complaint against defendants Rubenstein, Pszczolkowski, Greathouse, Adams and Griffith (ECF No. 1) is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted; the plaintiff's complaint against defendants McGlochlin and Sabatino (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies; the plaintiff's complaint against the Mount Olive Correction Complex defendants, Ballard, Neese, Chandler and Snyder (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction; the plaintiff's request to amend his complaint (ECF No. 64) is DENIED; and the plaintiff's objections to the report and recommendation (ECF No. 64) are OVERRULED.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit

on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    September 14, 2017


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE